The STATE of Ohio, Appellee,

v.

GONZALEZ, Appellant.

[Cite as *State v. Gonzalez* (1996), 112 Ohio App.3d 19.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006241.

Decided May 8, 1996.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Locke–Graves,* Assistant Prosecuting Attorney, for appellee.

*Jack Bradley,* for appellant.

DICKINSON, Judge.

Defendant Diamelda Gonzalez has appealed from her conviction, following a no contest plea, of endangering children, a violation of R.C. 2919.22(B)(4). She has

argued that the Lorain County Common Pleas Court incorrectly failed to dismiss the indictment against her in this case based upon "the twin state constitutional doctrines of double jeopardy and collateral estoppel." This court affirms the common pleas court's judgment because defendant's prosecution was not barred by either double jeopardy or collateral estoppel.

## I

Defendant was accused of endangering her daughter. Specifically, according to the indictment in this case, defendant, "unlawfully[,] on or about June 22, 1992, did repeatedly administer unwarranted disciplinary measures to [her daughter], a child under eighteen (18) years of age, when there was a substantial risk that such conduct, if continued, would seriously impair or retard said [daughter's] mental health or development, in violation of Section 2919.22(B)(4) of the Ohio Revised Code, a Felony in the Third Degree." The indictment was returned by the Lorain County Grand Jury on August 3, 1993.

The indictment in this case was the second indictment of defendant based upon her alleged June 22, 1992 conduct. She had been indicted based upon that same alleged conduct on July 15, 1992. That earlier indictment had charged her with violating R.C. 2919.22(B)(1), a first degree misdemeanor. That indictment ("the misdemeanor indictment") was transferred to the Lorain Municipal Court on May 13, 1993. No immediate action was taken in the municipal court on the misdemeanor indictment.

As noted previously, the indictment in this case ("the felony indictment") was returned by the Lorain County Grand Jury on August 3, 1993. On January 7, 1994, the municipal court issued a complaint against defendant based upon the misdemeanor indictment.

On January 14, 1994, defendant pleaded no contest to the misdemeanor charge against her in the municipal court. She was fined $100 and placed on probation for forty-five days.

On March 28, 1994, defendant moved the common pleas court to dismiss the felony indictment against her. She argued that the felony prosecution was barred by principles of double jeopardy. The parties stipulated that defendant had pleaded no contest to the misdemeanor charge in the municipal court in order to avoid prosecution on the felony charge in this case:

"By way of stipulation the parties agree to the following: On 1–14–94 the defendant entered a plea to the charge of Endangering Children with the knowledge that a felony charge of Endangering Children was pending in this case arising from the same set of facts. The plea was entered in an attempt to invoke

Double Jeopardy protection. The records in both cases are admitted into evidence and the parties are to brief the issue."

The common pleas court denied defendant's motion to dismiss on July 7, 1995.

On July 31, 1995, defendant pleaded no contest to the felony charge against her. The common pleas court found her guilty and sentenced her to one and one-half years' incarceration. Defendant timely appealed to this court.

## II

Defendant's sole assignment of error is that the trial court incorrectly denied her motion to dismiss this prosecution based upon "the twin state constitutional doctrines of double jeopardy and collateral estoppel." In support of her assignment of error, she has argued (1) that although the United States Supreme Court, in *United States v. Dixon* (1993), 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556, overruled *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, for purposes of double jeopardy analysis under the United States Constitution, the "same-conduct" rule adopted in *Grady* is still part of double jeopardy analysis under the Ohio Constitution, (2) that the state's prosecution of her in this case was barred by double jeopardy because of her no contest plea in the municipal court, and (3) that the state's prosecution of her in this case was barred by collateral estoppel because of her no contest plea in the municipal court.

## A

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Section 10, Article I of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." By her first argument in support of her assignment of error, defendant has suggested that the phrase "the same offence" as used in the Fifth Amendment to the United States Constitution, has a different meaning from that of the phrase "the same offense" as used in the Ohio Constitution.

In *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309, the United States Supreme Court held that, when the same act or transaction constitutes a violation of two distinct statutes, the test to be applied to determine whether there are two offenses for purposes of the Double Jeopardy Clause of the United States Constitution is whether each statute "requires proof of an additional fact which the other does not." *Id.* Unless each statute includes an element not included in the other, a defendant convicted or acquitted of a

violation of one may not be prosecuted for a violation of the other based upon the same incident.

In *Grady v. Corbin* (1990), 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, the United States Supreme Court added a second prong to double jeopardy analysis. In cases in which application of the *Blockburger* test would not bar a prosecution, it would still be a violation of the Double Jeopardy Clause "if the prosecutor sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution." 495 U.S. at 510, 110 S.Ct. at 2086, 109 L.Ed.2d at 557.

In *United States v. Dixon* (1993), 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573, the United States Supreme Court overruled its holding in *Grady:*

"We have concluded * * * that *Grady* must be overruled. Unlike *Blockburger* analysis, whose definition of what prevents two crimes from being the 'same offence,' U.S. Const., Amdt. 5, has deep historical roots and has been accepted in numerous precedents of this Court, *Grady* lacks constitutional roots. The 'same-conduct' rule it announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy."

Defendant has argued, however, that the same-conduct rule adopted in *Grady* remains part of the law for double jeopardy analysis under the Ohio Constitution.

The state has acknowledged in its brief to this court that the misdemeanor to which defendant pleaded no contest in municipal court was a lesser included offense of the third-degree felony to which she pleaded no contest in this case. That acknowledgement amounts to a concession that the crimes at issue do not satisfy the *Blockburger* test. Accordingly, it is unnecessary for this court to determine whether the same-conduct rule of *Grady* is part of the law for double jeopardy analysis under the Ohio Constitution, and we decline to do so. The misdemeanor to which defendant pleaded no contest before the municipal court and the felony to which defendant pleaded no contest before the common pleas court are the same offense for purposes of the Double Jeopardy Clause of the United States Constitution and, in addition, are the same offense for purposes of the Double Jeopardy Clause of the Ohio Constitution.

B

Each Double Jeopardy Clause provides a criminal defendant three basic protections:

"The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for

the same offense.' " *Brown v. Ohio* (1977), 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 194, quoting *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665. Defendant has argued that her prosecution in this case was barred by the protection against a second prosecution for the same offense after conviction.[1]

In *Brown,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, the United States Supreme Court determined that a defendant could not be prosecuted for car theft in a common pleas court after having been convicted of joyriding in a municipal court based upon the same incident. In *Jeffers v. United States* (1977), 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168, decided the same day as *Brown,* the Supreme Court considered whether a defendant was protected from prosecution on a charge of conducting a continuing criminal enterprise in concert with five or more other persons by his conviction for conspiring with others to distribute heroin and cocaine based upon the same facts that supported the charge of engaging in a criminal enterprise. The crimes had been charged in separate indictments, both of which were returned on the same day. Although the government had sought to have both crimes tried together, the defendant and his codefendants on the conspiracy charge objected, and the trial court agreed to try the charges separately, beginning with the conspiracy charge. The defendant was convicted on the conspiracy charge.

Following defendant's conviction on the conspiracy charge, he moved for dismissal of the criminal enterprise charge based upon double jeopardy. The trial court denied defendant's motion to dismiss the criminal enterprise charge, and defendant was tried for and convicted of that charge as well. His criminal enterprise conviction was affirmed on appeal, and the United States Supreme Court granted certiorari.

The Supreme Court determined that the criminal enterprise charge was a lesser included offense of the conspiracy charge. Accordingly, for double jeopardy purposes, both crimes constituted the same offense. In analyzing the issues before it, the Supreme Court reasoned that although, pursuant to the Double Jeopardy Clause, a defendant is usually entitled to have lesser and greater charges resolved in one proceeding, there are exceptions to that rule:

---

1. Inasmuch as this court has concluded that defendant is estopped from relying upon the Double Jeopardy Clauses' protection against a second prosecution following a conviction, the protection provided by those clauses against multiple punishments is implicated in this case. Inasmuch as the combined sentences imposed upon defendant did not exceed the maximum sentence permissible for the third degree felony, however, the combined sentences do not violate double jeopardy. See *Jeffers v. United States* (1977), 432 U.S. 137, 157–158, 97 S.Ct. 2207, 2219–2220, 53 L.Ed.2d 168, 184; *Mauk v. State* (1992), 91 Md.App. 456, 461–474, 605 A.2d 157, 160–165.

"[A]lthough a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election." 432 U.S. at 152, 97 S.Ct. at 2217, 53 L.Ed.2d at 181.

The Supreme Court concluded that the defendant in *Jeffers* was solely responsible for the fact that the charges against him had been tried separately and concluded that he was outside the protection of the Double Jeopardy Clause:

"Under the circumstances, we hold that his action deprived him of any right that he might have had against consecutive trials." 432 U.S. at 154, 97 S.Ct. at 2218, 53 L.Ed.2d at 182.

In *Ohio v. Johnson* (1984), 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425, the United States Supreme Court considered whether a defendant could defeat a criminal prosecution on murder and aggravated robbery charges by pleading guilty to the lesser included offenses of involuntary manslaughter and grand theft. All four charges had been included in the same indictment. The state had objected to defendant's guilty pleas on the lesser offenses, but the trial court accepted those pleas. The Supreme Court concluded that the defendant could not use the Double Jeopardy Clause to defeat the state's right to try him on the greater charges:

"We think this is an even clearer case than *Jeffers v. United States* * * *, where we rejected a defendant's claim of double jeopardy based upon a guilty verdict in the first of two successive prosecutions, when the defendant had been responsible for insisting that there be separate rather than consolidated trials. Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." 467 U.S. at 502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

This case did not involve a single indictment, as did *Johnson,* or separate indictments returned simultaneously, as did *Jeffers.* It did, however, involve an attempt by defendant to manipulate the proceedings against her and to use the double jeopardy clauses as a sword. The state is not blameless in this case. It allowed the initial indictment to continue in existence after the second indictment was returned. On the other hand, defendant has not convinced this court that the state was guilty of overreaching. Any blame to be assessed against the state is outweighed by the defendant's failure to move to have the charges against her consolidated. But, see, *Jeffers v. United States* (1977), 432 U.S. 137, 152, 97 S.Ct. 2207, 2217, 53 L.Ed.2d 168, 181, fn. 20. Under the circumstances of this case,

defendant was estopped from relying upon the Double Jeopardy Clauses of the United States Constitution and the Ohio Constitution to defeat the felony prosecution against her.[2] The trial court correctly denied defendant's motion to dismiss.

## C

Defendant has argued that, even if the state's prosecution of her was not barred by double jeopardy, it was barred by collateral estoppel. As noted by the United States Supreme Court in *United States v. Dixon,* collateral estoppel bars a party from relitigating an issue that was decided against that party in an earlier proceeding:

"The collateral-estoppel effect attributed to the Double Jeopardy Clause * * * may bar a later prosecution for a separate offense where the Government has *lost* an earlier prosecution involving the same facts." (Emphasis *sic.*) 509 U.S. at 705, 113 S.Ct. at 2860, 125 L.Ed.2d at 573.

In this case, the state's earlier prosecution of defendant on the misdemeanor charge ended favorably to the state as a result of defendant's no contest plea. Defendant has suggested, however, that the earlier prosecution ended unfavorably to the state in regard to the felony charge because, although the state had all the information necessary to charge her with a felony at the time of the first indictment, the grand jury returned an indictment for the misdemeanor. Presentation of information to a grand jury does not place an individual in jeopardy within the meaning of either the United States Constitution or the Ohio Constitution. See *Serfass v. United States* (1975), 420 U.S. 377, 388, 95 S.Ct. 1055, 1062–1063, 43 L.Ed.2d 265, 274 (noting that jeopardy attaches when a jury is sworn, or, in a nonjury trial, when the court begins to hear evidence on the issue of guilt); *State v. Ahmad* (May 24, 1995), Lorain App. No. 94CA005892, unreported, at 4–5, 1995 WL 312707. Prosecution of defendant on the felony charge against her was not barred by collateral estoppel.

---

2. Defendant has suggested that this court should apply the analysis adopted by the Maryland Court of Special Appeals in *Mauk v. State* (1992), 91 Md.App. 456, 605 A.2d 157, to this case. This court has concluded that it is more appropriate to analyze this case as an issue of estoppel. It does note, however, that application of the analysis followed in *Mauk* would lead to the same conclusion. Although defendant was placed in jeopardy (as that term is used in *Mauk,* see *id.* at 480–482, 605 A.2d at 169–170, fn. 12) at different times, the jeopardies on the misdemeanor and felony charges overlapped. Accordingly, those jeopardies were simultaneous, not sequential. Therefore, under the analysis adopted in *Mauk,* the trial court correctly denied defendant's motion to dismiss the felony charge against her based upon her conviction on the misdemeanor charge.

## III

Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and SLABY, J., concur.