I concur with the majority's opinion. However, I believe that our analysis of appellant's third assignment of error should include a consideration of appellant's assertion below that jeopardy would have attached to the fourteen counts dismissed by the court, if the parties had proceeded to trial on the remaining eight counts. In fact, appellant refused to proceed with the remaining counts in the case, in spite of direct and clear instructions from the trial judge to do so.
The Double Jeopardy Clause provides a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense following an acquittal; (2) it protects against a second prosecution for the same offense following a conviction; and (3) it protects against multiple punishments for the same offense. State v.Gonzalez (1996), 112 Ohio App.3d 19, 23-24. In all three cases, the defendant is protected against prosecution or punishment for the sameoffense. Here, appellee was indicted on twenty-two counts, each of which represented a separate sexual encounter, and, by definition, a separate offense.
In Ohio v. Johnson (1984), 467 U.S. 493, the defendant was indicted for four offenses. He entered a plea of guilty to charges of involuntary manslaughter and grand theft, but pleaded not guilty to charges of murder and aggravated robbery. The trial court accepted the guilty pleas to the lesser offenses. This court and the Ohio Supreme Court held that further prosecution on the more serious offenses was barred by double jeopardy. The matter went to the United States Supreme Court, where the defendant argued that his conviction and sentence on the lesser charges barred further prosecution for the more serious charges because of double jeopardy.
The Supreme Court noted that the defendant's argument was "apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded."Id. at 501. The court rejected the defendant's argument because he had "not been exposed to conviction on the charges to which he pleaded not guilty, nor [did] the State [have] the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial." Id.
While not entirely analogous to the case at hand, the holding inJohnson that the separate counts of an indictment have an independent existence for purposes of a double jeopardy determination. In a similar vein, the Ohio Supreme Court has held that "[w]hen a jury finds a defendant not guilty as to some counts and is hung on other counts, double jeopardy and collateral estoppel do not apply where the inconsistency in the responses arises out of inconsistent responses todifferent counts, not out of inconsistent responses to the same count." (Emphasis added.) State v. Lovejoy (1997), 79 Ohio St.3d 440, paragraph two of the syllabus.
Finally, in Wilson v. Rogers (1993), 68 Ohio St.3d 130, 131, the defendant argued that because eleven of twenty indictments were dismissed by the trial court, jeopardy attached to the remaining nine indictments, and they should have been dismissed as well. The Ohio Supreme Court rejected that argument, holding that "[t]he counts on which the appellant was convicted were separate offenses from the counts that were dismissed. Therefore, double jeopardy would not apply." Id.
In the instant case, each count reflected a separate offense. This writer perceives no reason why jeopardy would have attached to the fourteen counts that the trial court had dismissed if the state had proceeded to trial on the remaining eight counts. Jeopardy does not attach to a count contained in an indictment simply because the defendant has been convicted or acquitted of a different count representing a separate offense contained within the same indictment.