This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Raymond Goodman, appeals from the judgment of the Medina County Court of Common Pleas. We reverse.
 I.
In the early morning hours of September 9, 2000, Brunswick police arrested Mr. Goodman on a charge of domestic violence. Mr. Goodman was escorted to the police station where Patrolman Brian Schmitt of the Brunswick police department received a computerized criminal history ("CCH") on Mr. Goodman. Upon looking at the CCH, Patrolman Schmitt noticed that Mr. Goodman had previously been arrested for a domestic violence incident by the Brunswick police department. Were Mr. Goodman to have a prior conviction for domestic violence then the charge against him in this arrest would be a felony domestic violence charge, rather than a misdemeanor domestic violence charge.
The record reveals that Patrolman Schmitt testified that the CCH did not indicate whether Mr. Goodman had been convicted for the previous domestic violence offense. He explained that the police department is linked by computer to the Medina Municipal Court twenty-four hours per day so that the police can check the records for the disposition of an arrest. However, he stated that the communications specialists on duty that morning were not trained in the operation of the computer system. Patrolman Schmitt stated that he did not recall either looking at the prior police report on Mr. Goodman or personally contacting the Medina Municipal Court to find out if there had been a previous conviction. Patrolman Schmitt testified that, upon consulting with the duty sergeant that morning, the decision was made to charge Mr. Goodman with a misdemeanor domestic violence charge pursuant to R.C. 2919.25(A).
At his arraignment on September 11, 2000, Mr. Goodman pled no contest to the misdemeanor domestic violence charge. The court accepted the plea and found Mr. Goodman guilty of the charge; a sentencing hearing was scheduled for October 23, 2000.
Detective Sergeant Joseph McDermott of the Brunswick police department testified that sometime in October of 2000, prior to the sentencing hearing, he received a phone call from the Bailiff at the Medina Municipal Court. Detective Sergeant McDermott was advised that Mr. Goodman had a previous conviction for domestic violence and that the case should have been filed as a felony charge. He stated that he was not informed that Mr. Goodman had already pled no contest to the misdemeanor charge. He also stated that, upon receiving this new information, he called the prosecutor's office and advised the office that he would like to re-file the initial charge as a felony.
Joseph Gambino, Prosecutor for the City of Brunswick, testified that when he was informed that Mr. Goodman had a prior misdemeanor domestic violence conviction, he motioned the Medina Municipal Court to dismiss the current misdemeanor charge against Mr. Goodman so he could properly be charged for a felony. Mr. Gambino also stated that he was not aware that Mr. Goodman had already entered a no contest plea.
On October 16, 2000, the court granted the motion and dismissed the misdemeanor charge. Mr. Goodman was subsequently charged under R.C.2919.25(A) for felony domestic violence. On November 15, 2000, Mr. Goodman filed a motion to dismiss the felony indictment on the basis that the felony charge constituted double jeopardy. On December 18, 2000, the state responded in opposition. A hearing was held in the trial court on March 9, 2001 and, on March 16, 2001, the court denied the motion in anunc pro tunc journal entry. Mr. Goodman subsequently entered a no contest plea to the felony charge and was sentenced accordingly on June 15, 2001. This appeal followed.
 II.
Appellant asserts three assignments of error. We will discuss each in turn.
 A. First Assignment Of Error The trial court erred when it held, contra to established Ohio Supreme Court precedent, that jeopardy does not attach upon the acceptance of a no contest plea and a finding of guilt.
In the first assignment of error, Mr. Goodman asserts that the trial court erred when it held that jeopardy did not attach upon the trial court accepting Mr. Goodman's plea of no contest to the misdemeanor domestic violence charge and the court's subsequent finding of guilt as to that charge. We agree.
The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that "no person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb[.]" The Double Jeopardy Clause is applicable to the states through theFourteenth Amendment. State v. Tolbert (1991), 60 Ohio St.3d 89, 90. Similarly, Section 10, Article I of the Ohio Constitution provides that "no person shall be twice put in jeopardy for the same offense." Historically, Ohio courts have treated the protections of the Double Jeopardy Clauses of the Ohio Constitution and the United States Constitution as co-extensive. See, for example, State v. Moss (1982), 69 Ohio St.2d 515, 517. Therefore, the Double Jeopardy Clause of each constitution prohibits (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. North Carolina v. Pearce (1969),395 U.S. 711, 717, 23 L.Ed.2d 656, 664-65.
In determining whether the Double Jeopardy Clause bars a subsequent prosecution of a criminal defendant, the United States Supreme Court has held that the Fifth Amendment bars successive prosecutions for the same criminal act, unless each offense "requires proof of an additional fact which the other does not." Blockburger v. United States (1932),284 U.S. 299, 304, 76 L.Ed. 306, 309. In the present case, both parties agree that, under Blockburger, a misdemeanor domestic violence charge is the same offense as a felony misdemeanor charge for the purpose of determining whether the Double Jeopardy Clause bars a successive prosecution. The issue, therefore, is whether jeopardy attached in the present case when the trial court accepted Mr. Goodman's no contest plea and found him guilty of the charge.
In State, ex rel. Sawyer v. O'Connor (1978), 54 Ohio St.2d 380, 382, the Ohio Supreme Court held that a defendant "was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea." See, also, State, ex rel. Leis v. Gusweiler (1981), 65 Ohio St.2d 60,61. Citing to these Ohio Supreme Court cases, the court in Hillsboro v.Williams (Oct. 28, 1992), Highland App. No. 804, unreported, 1992 Ohio App. LEXIS 5686, at *5, stated that when the trial court "called for an amended charge and then asked [the defendant] to enter a new plea on a new charge based on the same facts, it violated [the defendant's] constitutional protection against being placed twice in jeopardy."
In the case at bar, jeopardy attached at the time the trial court accepted Mr. Goodman's no contest plea. A plea of no contest, once filed and accepted under the court's discretion, constitutes the attachment of jeopardy. Gusweiler, 65 Ohio St.2d at 61. Accordingly, Mr. Goodman's first assignment of error is sustained.
 B. Second Assignment Of Error The trial court erred in holding that a police department that willfully ignores a known arrest for a degree enhancing offense exercised due diligence regarding the existence of a conviction for that offense.
In his second assignment of error, Mr. Goodman asserts that the trial court erred when it held that there was an exercise of due diligence when the police charged Mr. Goodman with a misdemeanor, rather than a felony. We agree.
As previously noted, to determine whether the Double Jeopardy Clause bars a subsequent prosecution for an offense, a court must apply theBlockburger test. Tolbert, 60 Ohio St.3d at paragraph one of the syllabus. If, under such test, the offenses have the same statutory elements or if one offense is a lesser included offense of the other, the subsequent prosecution is barred. Id.; Blockburger, 284 U.S. at 304,76 L.Ed. at 309. As stated in the first assignment of error, both parties agree that, under Blockburger, a misdemeanor domestic violence charge is the same offense as a felony misdemeanor charge for the purpose of determining whether the Double Jeopardy Clause bars a successive prosecution.
"An exception to the Blockburger test exists where the state is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence."Tolbert, 60 Ohio St.3d at paragraph two of the syllabus. This exception originated in Diaz v. United States (1912), 223 U.S. 442, 448-449,56 L.Ed. 500, 503, where the United States Supreme Court noted an exception to the Double Jeopardy Clause. In Diaz, the court held that the conviction of a defendant for assault and battery did not prevent a subsequent prosecution for homicide after the victim died. Id. The determination as to whether this exception applies "depends upon the circumstances existing at the time of the first trial. The reviewing court may determine whether all the actionable facts had come into being or, conversely, whether there were later occurrences which had emanated from the initial conduct[.]" State v. Thomas (1980), 61 Ohio St.2d 254,261.
In the present case, Mr. Goodman asserts that the trial court erred when it found, that under the exception to the Blockburger test, there had been an exercise of due diligence. In response, the state argues that the focus in the determination of due diligence should be on the circumstances existing at the time Mr. Goodman was charged with the misdemeanor. The state's argument is without merit; as stated above, the proper focus in the determination of due diligence is the circumstances which exist at the time of the first trial and when all actionable facts became available to the prosecution. Id.
On September 9, 2000, when Mr. Goodman was escorted to the police station, Patrolman Schmitt received a computerized criminal history of the defendant which showed that Mr. Goodman was previously arrested for domestic violence. In the March 9, 2001 hearing, Patrolman Schmitt stated that, while the CCH did not indicate whether Mr. Goodman had been convicted for the previous arrest, such information was accessible by the police department twenty-four hours per day through a computer link to the Medina Municipal Court. Patrolman Schmitt testified that communications specialists on duty were not trained in the computer operation and, therefore, the decision was made to charge Mr. Goodman with a misdemeanor domestic violence charge. He stated that he did not recall looking at the prior police report or attempting to personally contact the Medina Municipal Court to determine if there had been a previous conviction. On September 11, 2000, Mr. Goodman pled no contest to the misdemeanor domestic violence charge. Detective Sergeant McDermott stated that he did not he realize that Mr. Goodman had a previous conviction for domestic violence and that the case should have been filed as a felony charge until sometime in October of 2000.
We hold that, in the case at bar, all of the actionable facts either came into being or were available with due diligence on the part of the investigation prior to the first indictment. See, e.g., State v. Nay
(Nov. 8, 1985), Coshocton App. No. 85-CA-7, unreported, 1985 Ohio App. LEXIS 9206, at *12 (holding that all facts were readily available to the prosecution well before the first prosecution took place in the municipal court). The state had full knowledge of all operative facts on September 9, 2000. As the facts of this case do not demonstrate an exception to the general rule, we conclude that the general rule applies, banning multiple prosecutions for offenses arising out of the same course of conduct. SeeThomas, 61 Ohio St.2d at 259. Mr. Goodman's second assignment of error is therefore sustained.
 C. Third Assignment Of Error The trial court erred in holding that a defendant who enters a no contest plea to a misdemeanor charge while being aware that he has a previous conviction for a similar offense waives his constitutional right to be free from double jeopardy.
In his third assignment of error, Mr. Goodman asserts that the trial court erred in holding that a defendant who enters a plea of no contest to a misdemeanor charge, which could have been enhanced to a felony charge, waives any double jeopardy violation that occurs when the prosecution moves the trial court to dismiss the misdemeanor charge so that the charge may be re-filed as a felony. We agree.
When a prior conviction enhances the penalty for an offense, the existence of the prior conviction is strictly a sentencing consideration for the court to consider. State v. Tamburin (Sept. 12, 2001), Medina App. No. 3162-M, unreported, at 3, citing to State v. Allen (1987),29 Ohio St.3d 53, syllabus. However, when a prior conviction elevates the degree of a subsequent offense, the existence of the prior conviction is an essential element of the offense which must be alleged and proven beyond a reasonable doubt. Id. For example, in State v. Henderson
(1979), 58 Ohio St.2d 171, the defendant's prior conviction raised the offense from a misdemeanor to a felony of the fourth degree. TheHenderson court found that the prior conviction was an essential element of the offense which must be alleged and proven beyond a reasonable doubt. Id. at 173.
In the present case, Mr. Goodman argues that his right to not be placed in jeopardy twice for the same offense was not waived by pleading no contest to a misdemeanor charge which could have been enhanced to a felony charge. Rather, he asserts that it is the prosecution's responsibility to make the proper charge. The state responds that, underOhio v. Johnson (1984), 467 U.S. 493, 81 L.Ed.2d 425, Jeffers v.United States (1977), 432 U.S. 137, 53 L.Ed.2d 168, and State v. Gonzalez
(1996), 112 Ohio App.3d 19, Mr. Goodman waived his double jeopardy protection because, by pleading to the misdemeanor charge, he voluntarily acted to frustrate the prosecution. These cases, however, are distinguishable.
In Johnson, the United States Supreme Court considered a case in which four charges had been included in the same indictment. The court held that a defendant cannot use the Double Jeopardy Clause to defeat a criminal prosecution on murder and aggravated robbery charges by pleading guilty to the lesser included offenses of involuntary manslaughter and grand theft. Johnson, 467 U.S. at 502, 81 L.Ed.2d at 435. The court also held that the Double Jeopardy Clause does not prohibit a state from prosecuting a defendant for such multiple charges in a single prosecution. Id., 467 U.S. at 500, 81 L.Ed.2d at 434.
Under Jeffers, the United States Supreme Court held that when a defendant elects to have two offenses tried as separate proceedings, that defendant is solely responsible for that choice and there is not a violation of the Double Jeopardy Clause. Jeffers, 432 U.S. at 152,53 L.Ed.2d at 181. The Gonzalez decision, on the other hand, involved a defendant who stipulated that she entered a plea of no contest to a misdemeanor charge solely because she knew there was a pending felony charge and hoped to invoke double jeopardy protection. The Gonzalez
court, citing to Johnson and Jeffers, held that a defendant could not use the Double Jeopardy Clause to manipulate the proceedings against her.Gonzalez, 112 Ohio App.3d at 25. In each of these cases, the defendant was properly indicted and, thereafter, attempted to control and impede the proceedings by manipulating the judicial system. There is no evidence that anything of the sort occurred in the present case. Rather, it appears that Mr. Goodman only pled no contest to those charges that were pending before him. As such, the cases cited by the state are not controlling in the present situation.
As the prior conviction in this case did not simply enhance the penalty but rather transformed the crime itself by increasing its degree, the prior conviction is an essential element of the crime which must be alleged and proven by the state. See Tamburin, supra, at 3. Accordingly, as it was the state's responsibility to allege and prove Mr. Goodman's prior conviction, Mr. Goodman did not waive his right to assert a double jeopardy violation by pleading no contest to the misdemeanor charge. Mr. Goodman's third assignment of error is sustained.
 III.
Mr. Goodman's assignments of error are sustained. The judgment of the Medina County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, J., SLABY, J. CONCUR.