[Cite as *State v. Becker*, 2024-Ohio-5702.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 0099 |
| | : | |
| ZACHARY A. BECKER | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 6, 2024

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Zachary A. Becker appeals from a judgment of the Greene County Court of Common Pleas denying his motion to dismiss an indictment based on the constitutional prohibition against double jeopardy. This appeal involves whether the State may prosecute Becker in common pleas court for operating a vehicle

under the influence of alcohol ("OVI"), a third-degree felony in violation of R.C. 4511.19(A), after Becker previously pled guilty to and was convicted in municipal court of a first-degree misdemeanor OVI offense resulting from the same incident. For the reasons that follow, we will reverse the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} Defendant was arrested on February 10, 2024, for a misdemeanor OVI offense. In the 48 hours after the original arrest, the city prosecutor discovered that Becker had been convicted in the State of Iowa of a predicate OVI offense, which could enhance the misdemeanor OVI charge in municipal court to a felony. On February 12, 2024, a "Complaint and Affidavit" was filed against Defendant in Xenia M.C. No. 24CR00159, alleging a felony OVI offense arising out of the same operative facts as the misdemeanor OVI offense. Judgment Entry (Apr. 2, 2024), p. 1-2.

{¶ 3} On February 16, 2024, a Greene County grand jury indicted Becker on two counts of OVI, third-degree felonies in violation of R.C. 4511.19(A)(1) and (A)(2). As a result, on February 21, 2024, Xenia M.C. No. 24CRA00159 was dismissed. Despite this, Becker remained charged with a first-degree misdemeanor OVI offense in Xenia M.C. No. 24TRC00449, the separate traffic case. Judgment Entry, p. 2.

{¶ 4} Becker was arraigned in common pleas court on the third-degree felony OVI charge on February 26, 2024. Becker entered a not guilty plea. The trial court set bond and issued a scheduling order, which included conference dates and a jury trial date.

{¶ 5} On March 5, 2024, Becker entered a guilty plea in Xenia M.C. No.

24TRC00449 to the first-degree misdemeanor OVI charge, and he was immediately convicted and sentenced. Judgment Entry, p. 2. Two days later, on March 7, 2024, Becker filed a motion in common pleas court to dismiss the felony indictment. According to the motion, Becker's misdemeanor OVI conviction in municipal court operated as a bar to further prosecution pursuant to the prohibition against double jeopardy.

{¶ 6} On March 15, 2024, the State, through the county prosecutor, also filed a motion to dismiss the felony indictment on double jeopardy grounds. According to the State, "[Becker] pleaded guilty in Xenia Municipal Court to the lesser-included offense of OVI-M1, in Xenia Municipal Case Number 2024TRC449, which was based upon the same conduct as the offense alleged in this indictment. Therefore, because [Becker] cannot twice be placed in jeopardy for the same offense, this case must be dismissed."

{¶ 7} On March 28, 2024, the trial court held a hearing on the motions to dismiss. At the beginning of the hearing, the State explained that it had changed its mind about whether the felony indictment should be dismissed. The State conceded at the hearing that it originally thought this was an "open and shut" example of where the double jeopardy clause should apply and the felony indictment against Becker should be dismissed. Motion to Dismiss Hearing (Mar. 28, 2024) Tr. 2-3. However, after conducting further research, the State argued that *State v. Gonzalez*, 112 Ohio App.3d 19 (9th Dist. 1996), precluded dismissal of the felony indictment because Becker was attempting to use double jeopardy as a "sword" rather than as a "constitutional protection." Tr. 3. According to the State, if Becker pled to the misdemeanor charge to avoid the felony charge, then double jeopardy does not apply. *Id.* at 4.

{¶ 8} The trial court then summarized previous off-the-record discussions in which Becker's counsel had stated that one of the reasons Becker pled guilty to the misdemeanor charge in municipal court was to avoid the felony indictment in common pleas court. Becker's counsel, who represented Becker in both the municipal court and common pleas courts cases, confirmed that his client's guilty plea in municipal court was made in part to avoid the possibility of a felony conviction in common pleas court. *Id.* at 5-6.

{¶ 9} The trial court explained that it planned to deny Becker's motion to dismiss due to this "anomaly" that existed where a defendant could circumvent felony indictments by "a race to the municipal court, and having the defendant plead, and then crying double jeopardy, or, using that as a sword." *Id.* at 15. Becker's counsel explained that he did not race to the courthouse in this case, and the trial court agreed with him. However, the trial court noted that allowing double jeopardy to apply here would promote such races to the courthouse in cases involving assault, aggravated robberies, and OVI.

{¶ 10} On April 2, 2024, the trial court issued its written entry denying Becker's motion to dismiss. In overruling his motion to dismiss, the trial court relied exclusively on the Ninth District's decision in *Gonzalez*. The trial court explained that this case fell squarely under the *Gonzalez* analysis because Becker's counsel admitted at the motion to dismiss hearing that Becker had pled guilty in municipal court in part to avoid the felony prosecution in common pleas court. Judgment Entry, p. 4. According to the trial court, "Because there is competent credible evidence that the Defense attempted to manipulate the outcome of the felony case herein, they are estopped from double jeopardy

protection." *Id.*

{¶ 11} Becker filed a timely notice of appeal from the trial court's denial of his motion to dismiss.

II.      The Trial Court Erred by Denying Becker's Motion to Dismiss

{¶ 12} Becker's sole assignment of error states:

The Trial Court Erred in Denying Appellant's Motion to Dismiss the State's Indictment for Felony OVI, Because Appellant Was Already Sentenced for a Misdemeanor OVI in the Xenia Municipal Court for the Exact Same Facts.

{¶ 13} We review de novo the denial of a motion to dismiss an indictment on double jeopardy grounds.   *State v. Pope*, 2017-Ohio-1308, ¶ 9 (2d Dist.), citing *State v. Gunnell*, 2010-Ohio-4415, ¶ 54 (2d Dist.).   The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."   Through the Fourteenth Amendment to the United States Constitution, this protection applies to individuals prosecuted by the State of Ohio.   *State v. Brown*, 2008-Ohio-4569, ¶ 10, citing *Benton v. Maryland*, 395 U.S. 784, 786 (1969).   The Ohio Constitution provides, "No person shall be twice put in jeopardy for the same offense."   Ohio Const., art. I, § 10.   The protections afforded by the Ohio and United States Constitutions' Double Jeopardy Clauses are coextensive. *State v. Martello*, 2002-Ohio-6661, ¶ 7, citing *State v. Gustafson*, 76 Ohio St.3d 425, 432 (1996).

**{¶ 14}** "The Double Jeopardy Clauses protect against three abuses: (1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.' " *State v. Mutter*, 2017-Ohio-2928, ¶ 15, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794 (1989). Here, we are concerned with the protection against a second prosecution after a conviction.

**{¶ 15}** The State conceded at the hearing on Becker's motion to dismiss that it originally thought this was an "open and shut" example of the applicability of the double jeopardy clause and that the felony indictment against Becker should be dismissed. Hearing Tr. 2-3. The State even filed a motion to dismiss the felony indictment based on double jeopardy. However, after conducting further research, the State cited *Gonzalez* and argued the felony indictment should not be dismissed because Becker was attempting to use double jeopardy as a "sword." The trial court agreed.

**{¶ 16}** Before addressing the trial court's reliance on the *Gonzalez* decision and the idea of using the prohibition against double jeopardy as a "sword," we must first determine whether jeopardy had attached under the facts of this case. The Ohio Supreme Court has relied on the *Blockburger* test to determine whether an accused is being successively prosecuted for the same offense. *Mutter* at ¶ 17, citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "The *Blockburger* test applies 'where the same act or transaction constitutes a violation of two distinct statutory provisions' and requires the reviewing court to evaluate the elements of each statutory provision to determine 'whether each provision requires proof of a fact which the other does not.' "

*Id.*, quoting *Blockburger* at 304.   The United States Supreme Court has summarized the *Blockburger* test as an inquiry that asks, "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."   *United States v. Dixon*, 509 U.S. 688, 696 (1993).

{¶ 17} The State conceded at the hearing on Becker's motion to dismiss that the misdemeanor offense to which Becker pled guilty in municipal court was a lesser-included offense of the felony charge he was facing in the common pleas court.   We agree with the State's concession.   As a result, the prohibition against double jeopardy would preclude the State from going forward with the felony charge in the common pleas court unless the State established an exception to the *Blockburger* rule.   The State claims the *Gonzalez* decision enunciates such an exception and that we must apply it to Becker's situation.   We disagree.

{¶ 18} In *Gonzalez*, the defendant was charged with a first-degree misdemeanor for violating R.C. 2919.22(B)(1), when she repeatedly administered unwarranted disciplinary measures to her daughter "when there was a substantial risk that such conduct, if continued, would seriously impair or retard" her daughter's mental health or development.   The misdemeanor indictment was transferred to the municipal court on May 13, 1993.   No immediate action was taken in that court.   *Gonzalez*, 112 Ohio App.3d at 21 (9th Dist.).

{¶ 19} On August 3, 1993, a grand jury indicted the defendant on a charge of endangering her children, a third-degree felony in violation of R.C. 2919.22(B)(4).   This

indictment was based upon the same conduct involved in the misdemeanor indictment. On January 7, 1994, the municipal court issued a complaint against defendant based upon the misdemeanor indictment. On January 14, 1994, defendant pleaded no contest to the misdemeanor charge against her in the municipal court. She was fined $100 and placed on probation for 45 days. *Gonzalez* at 21.

{¶ 20} Over two months later, defendant moved the common pleas court to dismiss the felony indictment because the felony prosecution was barred by principles of double jeopardy. The parties stipulated that defendant had pleaded no contest to the misdemeanor charge in the municipal court in order to avoid prosecution on the felony charge. The stipulation stated, in pertinent part: "On 1-14-94 the defendant entered a plea to the charge of Endangering Children with the knowledge that a felony charge of Endangering Children was pending in this case arising from the same set of facts. The plea was entered in an attempt to invoke Double Jeopardy protection." *Id.* at 21-22. The *Gonzalez* court stated that the misdemeanor offense and the felony offense were the "same offense" for purposes of double jeopardy. The court then reviewed the United States Supreme Court's decisions in *Jeffers v. United States*, 432 U.S. 137 (1977), and *Ohio v. Johnson*, 467 U.S. 493 (1984).

{¶ 21} In *Jeffers*, a federal grand jury returned two indictments. The first one charged the defendant and nine others with conspiring to distribute heroin and cocaine and the second one charged defendant alone with conducting a continuing criminal enterprise to violate the drug laws by his distributing and possessing with intent to distribute heroin and cocaine. The trial court denied a motion by the Government to

consolidate the indictments for trial, which the defendant and his codefendants had opposed. The trial on the first indictment resulted in the defendant and his co-defendants being found guilty. Before the second trial began, the defendant filed a motion to dismiss the second indictment on the ground that, in the conspiracy trial, he already had been placed in jeopardy once for the same offense. The trial court denied the motion to dismiss, and the court of appeals affirmed. The defendant appealed.

{¶ 22} The United States Supreme Court accepted the case and discussed exceptions to the *Blockburger* test. The Court stated, in part:

> One commonly recognized exception is when all the events necessary to the greater crime have not taken place at the time the prosecution for the lesser is begun. . . . This exception may also apply when the facts necessary to the greater were not discovered despite the exercise of due diligence before the first trial. . . . If the defendant expressly asks for separate trials on the greater and the lesser offenses, or, in connection with his opposition to trial together, fails to raise the issue that one offense might be a lesser included offense of the other, another exception to the [double jeopardy] rule emerges. . . . [A]lthough a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election.

*Jeffers* at 151-152.

{¶ 23} The *Jeffers* Court emphasized that the defendant "was solely responsible for the successive prosecutions for the conspiracy offense and the continuing-criminal-enterprise offense." *Id.* at 154. The Court concluded, "Under the circumstances, we hold that his action deprived him of any right that he might have had against consecutive trials." *Id.*

{¶ 24} In *Johnson*, 467 U.S. 493, the defendant was indicted by a grand jury on one count each of murder, involuntary manslaughter, aggravated robbery, and grand theft. At his arraignment, the trial court, over the State's objection, accepted the defendant's guilty pleas to involuntary manslaughter and grand theft, and then granted the defendant's motion to dismiss the remaining charges, to which he had pleaded not guilty, on the ground that their further prosecution was barred by the double jeopardy prohibitions. *Id.* at 495-496. The court of appeals and the Ohio Supreme Court agreed with the trial court's decision. The State appealed to the United States Supreme Court. The Court held, "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Id.* at 500. The Court explained, "Here respondent's efforts were directed to separate disposition of counts in the same indictment where no more than one trial of the offenses charged was ever contemplated. Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Id.* at 502.

{¶ 25} The *Gonzalez* court quoted this "sword" passage from *Johnson*, which greatly influenced the Ninth's District's decision to reject the defendant's double jeopardy arguments. The *Gonzalez* court concluded:

> This case did not involve a single indictment, as did *Johnson*, or separate indictments returned simultaneously, as did *Jeffers*. It did, however, involve an attempt by defendant to manipulate the proceedings against her and to use the double jeopardy clauses as a sword. The state is not blameless in this case. It allowed the initial indictment to continue in existence after the second indictment was returned. On the other hand, defendant has not convinced this court that the state was guilty of overreaching. Any blame to be assessed against the state is outweighed by the defendant's failure to move to have the charges against her consolidated.

*Gonzalez*, 112 Ohio App.3d at 25-26 (9th Dist.).

{¶ 26} Only one other Ohio appellate district has addressed the *Gonzalez* holding. In *State v. Hornbuckle*, 2015-Ohio-3962 (7th Dist.), the defendant was charged in municipal court with failing to comply with a signal, resisting arrest, driving under suspension, and unsafe vehicle. One failure to comply, charged as a felony, was bound over to the Mahoning County grand jury. The remaining charges, which included a misdemeanor failure to comply, remained in municipal court. On November 15, 2012, the defendant was indicted by the Mahoning County grand jury for failing to comply with an order or signal of a police officer, a third-degree felony. *Id.* at ¶ 4. While the felony

charge was pending, the defendant entered a no contest plea in municipal court to the misdemeanor failure to comply, a first-degree misdemeanor, and driving under suspension, a first-degree misdemeanor. *Id.* at ¶ 5.

{¶ 27} Two months after sentencing in the misdemeanor case, the defendant filed in the common pleas court a motion to dismiss the felony indictment based on double jeopardy. He contended that he had been convicted of the misdemeanor failure to comply, and thus he could not be found guilty of the felony failure to comply without a double jeopardy violation. *Id.* at ¶ 6. The trial court denied the motion to dismiss based on its finding that defendant's attorney had manipulated the litigation by not alerting the municipal court of the grand jury indictment and not informing the county prosecutor that his client intended to plead no contest to the first-degree misdemeanor in the municipal court. *Id.* at ¶ 10. The defendant appealed the denial of his motion to dismiss.

{¶ 28} On appeal, the Seventh District found that the double jeopardy clause was applicable because the municipal court and common pleas court cases arose from the same transaction or occurrence and the misdemeanor offense was a lesser included offense of the felony offense. *Id.* at ¶ 19-20. The court then distinguished the *Jeffers*, *Johnson*, and *Gonzalez* decisions. According to the court, there was no stipulation that the no contest plea to the misdemeanor failure to comply was being used to avoid prosecution (*Gonzalez*) and nothing in the record indicated the defendant was attempting to have the charges decided in two different proceedings (*Johnson* and *Jeffers*). *Hornbuckle* at ¶ 31-32. Therefore, the appellate court reversed the trial court's denial of the defendant's motion to dismiss. The court explained that when the city decided to

pursue its right to prosecute the misdemeanor charge in municipal court, it should have communicated this decision to the common pleas court. The *Hornbuckle* court concluded:

>Although Appellant's counsel, who represented him for both the felony and misdemeanor failure to comply charges, could have informed the common pleas court and/or the county prosecutor of the misdemeanor failure to comply charge, the City prosecutor prior to entering a plea agreement with Appellant, could also have informed the County it was pursuing the misdemeanor failure to comply charge, and was accepting a no contest plea on that charge. . . . Thus, the charges proceeded in two different courts systems and apparently no communication occurred between the city and county prosecuting officers, even though both agencies should have been aware that there was a probable double jeopardy issue.

>Considering the actions taken by the government, we cannot find that it was blameless in the creation of the situation. As such, the Double Jeopardy Clause barred prosecution of the felony failure to comply.

*Id.* at ¶ 33-34.

{¶ 29} The Ninth District also has distinguished its previous *Gonzalez* decision. In *State v. Goodman*, 2002-Ohio-818 (9th Dist.), the defendant was arrested on September 9, 2000, on a charge of domestic violence. After the defendant was escorted to the police station, the officer in charge noticed that the defendant had previously been

arrested for a domestic violence incident, but he was unable to determine whether the defendant had been convicted of domestic violence relating to that prior incident. If the defendant had a prior conviction for domestic violence, then the charge against him in this subsequent arrest would have been a felony domestic violence charge rather than a misdemeanor domestic violence charge. Therefore, a decision was made to charge the defendant with a misdemeanor domestic violence charge. *Id.* at ¶ 3.

{¶ 30} At his arraignment on September 11, 2000, the defendant pleaded no contest to the misdemeanor domestic violence charge. The municipal court accepted the plea, found the defendant guilty of the charge, and scheduled a sentencing hearing for October 23, 2000. Prior to the sentencing hearing, a police detective discovered that the defendant had a prior domestic violence conviction. He was unaware that the defendant had already pleaded no contest to the misdemeanor charge. The city prosecutor discovered this conviction and filed a motion in municipal court to dismiss the misdemeanor charge so the defendant could properly be charged for a felony. At the time he filed the motion, the city prosecutor was also unaware that the defendant had pleaded no contest to the misdemeanor charge. *Id.* at ¶ 4-6. The trial court granted the city's motion and dismissed the misdemeanor charge. The defendant was then indicted for felony domestic violence. On November 15, 2000, the defendant filed a motion to dismiss the felony indictment on the basis that the felony charge constituted double jeopardy. The trial court denied the motion to dismiss, and the defendant appealed. *Id.* at ¶ 7.

{¶ 31} On appeal, the Ninth District began by concluding that the trial court's

acceptance of the no contest plea constituted "the attachment of jeopardy." *Id.* at ¶ 14, citing *State ex rel. Leis v. Gusweiler*, 65 Ohio St.2d 60, 61 (1981). The court noted that both parties had agreed that, under the *Blockburger* test, a misdemeanor domestic violence charge was the same offense as a felony domestic violence charge for the purpose of determining whether the Double Jeopardy Clause barred a successive prosecution. The court then addressed whether an exception to the *Blockburger* test existed. The court focused on the exception that exists when the state is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence. *Goodman* at ¶ 18, citing *State v. Tolbert*, 60 Ohio St.3d 89 (1991), paragraph two of the syllabus. The Ninth District noted that the proper focus in the determination of due diligence was the circumstances that existed at the time of the first trial and when all actionable facts became available to the prosecution. Since the State had full knowledge of all operative facts on September 9, 2000, the court held that the general rule applied banning multiple prosecutions for offenses arising out of the same course of conduct. *Id.* at ¶ 21, citing *State v. Thomas*, 61 Ohio St.2d 254, 259 (1980).

{¶ 32} Finally, the Ninth District addressed the State's contention that the defendant waived his double jeopardy protection by pleading to the misdemeanor charge, which was a voluntary act to frustrate the prosecution. The State relied on the decisions in *Jeffers*, *Johnson*, and *Gonzalez*. The Ninth District found these three cases distinguishable because in all of those cases, "the defendant was properly indicted and, thereafter, attempted to control and impede the proceedings by manipulating the judicial

system." *Goodman* at ¶ 27. According to the court, "[t]here is no evidence that anything of the sort occurred in the present case. Rather, it appears that [the defendant] only pled no contest to those charges that were pending before him." *Id.* The court concluded, "as it was the state's responsibility to allege and prove [the defendant's] prior conviction, [the defendant] did not waive his right to assert a double jeopardy violation by pleading no contest to the misdemeanor charge." *Id.* at ¶ 28. Therefore, the court reversed the trial court's denial of the defendant's motion to dismiss.

{¶ 33} As the cases summarized above mentioned, there are exceptions to the prohibition against double jeopardy. For example, "[a]n exception may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *Brown v. Ohio*, 432 U.S. 161, 169, fn. 7 (1977), citing *Diaz v. United States*, 223 U.S. 442, 448-449 (1912); *Ashe v. Swenson*, 397 U.S. 436, 453, fn. 7 (Brennan, J., concurring). But that was not the case in the current appeal. Rather, the State was well aware of the facts necessary to seek a felony indictment of Becker before Becker pleaded guilty to the misdemeanor offense. Indeed, a grand jury indicted Becker on a felony OVI offense well before Becker pleaded guilty to the misdemeanor OVI offense. Further, the city prosecutor had several days to dismiss the misdemeanor OVI offense in municipal court after the grand jury indicted Becker and before Becker pleaded guilty to the misdemeanor offense.

{¶ 34} Becker's action in pleading guilty to the misdemeanor offense also did not fall within the exception to the double jeopardy clause addressed in *Jeffers* and *Johnson*.

We cannot create a new exception to the constitutional prohibition against double jeopardy simply because at the time the defendant pled guilty to the misdemeanor charge in municipal court he had full knowledge that a felony charge was currently pending in common pleas court, especially where this public information was available to both the city and county prosecutors.   Further, the idea that double jeopardy should not be used as a "sword" is limited to situations where a defendant created the situation that gave him an opportunity to plead guilty to one charge in the hopes to avoid a charge with a greater penalty.   But the State and the City of Xenia, not the defendant, were the parties that decided what charges to bring against Becker and where to bring them.   And the city prosecutor and the county prosecutor had ample time to address any potential double jeopardy concerns before Becker pleaded guilty to the misdemeanor charge.

{¶ 35} We agree with the trial court that this case highlights the potential that a sovereign's ability to fully enforce its laws could be frustrated when a defendant pleads guilty to a misdemeanor charge in municipal court while a felony is pending in common pleas court.   But that opportunity was not created by Becker and was not caused by Becker's "manipulation" of the court system.   Rather, this situation appears to have been caused by a failure of the city prosecutor and the county prosecutor to coordinate with each other after the felony indictment was filed in the common pleas court.   There was no rush to the courthouse by Becker.   Seventeen days passed between when the felony indictment was filed in common pleas court and when Becker pleaded guilty in municipal court.   Further, 12 days passed between when the felony OVI charge was dismissed in municipal court and when Becker pleaded guilty in municipal court to the misdemeanor

offense. The city prosecutor could have simply dismissed the misdemeanor OVI charge or objected to Becker's guilty plea. In sum, Becker benefitted from what appears to have been a procedural miscue. *See State v. Knaff*, 128 Ohio App.3d 90, 95 (1st Dist. 1998) (Painter, J., concurring).

{¶ 36} In *Knaff*, Judge Painter addressed the possibility of these procedural miscues when prosecutions are occurring simultaneously in city and county courts. Judge Painter explained why a defendant who takes advantage of such a procedural miscue is not precluded from raising the prohibition against double jeopardy:

Here, for some unknown reason, the prosecution proceeded in separate courts on similar charges and realized its mistake about five minutes too late. Prosecuting a defendant for misdemeanors in municipal court and for felonies in the court of common pleas has always been fraught with peril of just this result. "A defendant should answer at one time and in one court for crimes committed at one time and in one place."[ ] Here, we have at least two judges, two prosecutors, two court reporters, and two sets of bailiffs, clerks and other supernumeraries involved in needless-and in this case counterproductive-duplication of effort, the upshot of which is this appeal, involving another set of judges, lawyers, clerks, etc., to determine the legal import of this procedure.

We have enough criminals, and enough cases, without the added problems created by this type of bifurcation of charges.[ ] Though I do not necessarily approve of the end result here, we must follow constitutional

mandates. We cannot engraft exceptions or modifications onto constitutional principles, much as we might like to do so. . . .

It is not the defendant's job to conduct the prosecution against him, and the defense here had no duty to tell the court or the prosecutor of the indictment already procured by the prosecution itself. The dissent is quite correct that the defendant had no absolute right to plead guilty, and the trial court could have refused to accept the plea. But that is not the case here.

*Id.* at 95-96 (Painter, J., concurring).

**{¶ 37}** We agree with Judge Painter's analysis in *Knaff*. The State failed to establish an exception to the prohibition against putting Becker in jeopardy twice for the same offense. Therefore, the trial court should have granted his motion to dismiss the felony indictment. The sole assignment of error is sustained.

III. Conclusion

**{¶ 38}** Having sustained the sole assignment of error, we will reverse the judgment of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and WELBAUM, J., concur.